HUTH, Appellant, vs. A. J. STRAUS PAYING AGENCY, INC., and another, Trustees, Respondents.

*May 17—June 15, 1945.*

For the appellant there were briefs by *Whyte, Hirschboeck & Minahan* of Milwaukee, and oral argument by *Malcolm K. Whyte*.

*Charles F. Puls, Jr.,* of Milwaukee, for the respondents.

WICKHEM, J. Plaintiff is the owner of property subject to a first-mortgage bond issue. He so purchased the property in 1941. Defendant, Arthur J. Straus, has been a trustee

throughout the life of the mortgage, and the A. J. Straus Paying Agency, Inc., has been a cotrustee since 1932 when it succeeded the Arthur J. Straus Company. The mortgage was executed in 1926 to secure an issue of six and one half per cent mortgage bonds in the aggregate principal amount of $70,000. Section 1, article IV, of the indenture provided that the mortgagor might redeem the bonds before maturity on any interest-payment day by depositing with the trustees principal and accrued interest, together with an amount equal to the normal federal income tax and a premium of two per cent on the principal. Bonds were made expressly subject to the provisions of the trust indenture. The original mortgagor, the Lyon Corporation, defaulted on the bonds and a foreclosure judgment was entered on May 22, 1935. Certain payments were made upon the judgment and the time for redemption was extended to May 22, 1937. On October 29, 1936, an extension agreement was negotiated between the bondholders and the Lyn Realty Company, as new mortgagor, whereby the latter assumed the principal mortgage indebtedness of $59,000. It was provided in the extension agreement, among other things, that the maturity of the bonds be extended to September 1, 1951, and new interest coupons issued at five per cent per annum. Delinquent interest from March 1, 1935, to September 1, 1936, was embodied in what was denominated an interest warrant attached to each outstanding bond and this warrant by its terms did not become due and payable until the final maturity of the bond in 1951. The extension agreement modified section 1, article IV, of the original trust indenture (relating to the mortgagor's right to redeem before maturity) and so far as material here provided as follows:

"Section 1. The company may at its option, redeem in the manner and upon the terms and conditions hereinafter prescribed on any day, all or any portion of the bonds hereby secured, at and for the principal with all interest accrued to

the date of redemption, exclusive of the interest included in interest warrant. . . . "

Consents by the bondholders to the changes were duly obtained. Plaintiff bought the property in 1941, made all payments, kept all provisions of the contract and now seeks to redeem. He claims that he has a right to redeem by paying all principal and all interest accrued to the date of redemption, but that he has no obligation to pay the interest warrants as a condition to redemption. The trial court rejected plaintiff's contention and determined that plaintiff would have to pay all sums due, including the interest warrants. Plaintiff claims that this violates clear and specific terms of the redemption clause, and amounts to changing the words "exclusive" to "inclusive."

The court is of the view that plaintiff's contention must be sustained. The able memorandum of the trial court sets forth several factors which in its judgment justify the construction placed by it upon this clause. However, we are of the view that these factors need not be discussed here for two definite reasons: (1) The redemption clause is clear and unambiguous; and (2) what may perhaps amount to the same thing, its language will not accommodate itself to the construction arrived at by the trial court. In *Farmers' L. & T. Co. v. Commercial Bank,* 15 Wis. *424, *438, the court said:

"But it must be borne in mind that it is not the business of construction to look outside of the instrument to get at the intention of the parties, and then carry out that intention whether the instrument contains language sufficient to express it or not; but the sole duty of construction is, to find out what was meant by the language of the instrument. And this language must be sufficient, when looked at in the light of such facts as this court is entitled to consider, to sustain whatever effect is given to the instrument."

In *Wheelwright v. Pure Milk Asso.* 208 Wis. 40, 46, 240 N. W. 769, 242 N. W. 486, the pertinent inquiry in such cases as this is thus put:

"First, is the contract ambiguous in that it may reasonably be taken in more than one sense; second, is the language of the contract capable of expressing the intention which defendant claims is disclosed by the parol evidence which is offered?"

While the *Wheelwright Case, supra,* had to do with admission of parol evidence for purposes of interpretation, the same inquiry is present when the situation of the parties, the surrounding circumstances, and other interpretive factors are sought to be applied to ascertain the meaning of a contract. While, as an original proposition, we may be surprised at the provisions of the redemption clause, and while the reasoning of the trial court as to what the parties ought to have intended by this clause is impressive, we see no way to avoid the plain meaning of the phrase "exclusive of the interest included in interest warrant." There is no place at which we may begin to construe the phrase because the sense of the words is plain whether considered alone or in their context. There are no words in the redemption clause that will accommodate themselves to the construction adopted by the trial court. In order to arrive at this construction we would have to do precisely what plaintiff claims the trial court has done, namely, change the word "exclusive" to "inclusive." This we may not do under the authorities. It follows that the judgment below must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.